USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PARISGISELLE PINCKNEY,

                                                    Plaintiff,

   - against -

LOUISE CARROLL, as Commissioner of the New York City Department of Housing Preservation and Development, THE NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, and THE CITY OF NEW YORK,

                                                    Defendants.
-----------------------------------------------------------------x

**STIPULATION AND PROPOSED ORDER OF CONFIDENTIALITY**

1:18-CV-12198-MKV

      **WHEREAS**, Plaintiff Parisgiselle Pinckney and Defendants Louise Carroll, as Commissioner of the New York City Department of Housing Preservation and Development, The New York City Department of Housing Preservation And Development, and The City of New York, (each, a "Party," and collectively, the "Parties") in the above-captioned action (this "Action") have conferred and agree to the following terms and conditions regarding the disclosure of certain information of a confidential nature; and

      **WHEREAS**, the Parties have agreed to enter into this Stipulation and Proposed Order of Confidentiality (this "Stipulation") to prevent unnecessary dissemination or disclosure of such information;

      **NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, **IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, through their respective counsel, that:

      1.    This Stipulation applies to any document, information, material, thing, or testimony (or any portion thereof), regardless of how it is obtained, that contains medical, psychiatric, counseling, or other private personal information, including, but not limited to, bank account or

other financial information, social security numbers, business or proprietary information, information which the parties might not receive other than in connection with this Action, and/or other information, the disclosure of which would, in the judgment of the party designating the material as confidential, be detrimental to the party, the conduct of that party's business or other proprietary, governmental, or privacy interest or to the business or other proprietary or privacy interest of any of that party's employees, customers, clients, vendors, agents, or stakeholders (collectively, "Confidential Information"), and governs the disclosure and use of Confidential Information during this Action as set forth herein.

2. When used in this Stipulation, the phrase "disclosing party" shall refer to the parties to this Action producing Confidential Information.

3. When used in this Stipulation, the phrase "receiving party" shall refer to the parties to this Action receiving Confidential Information from a disclosing party.

4. Any undersigned party that produces or discloses Confidential Information shall visibly mark the same with the designation "CONFIDENTIAL," as described in Paragraph 12herein. All Confidential Information obtained by Defendants pursuant to a medical or other written release shall be deemed confidential and marked "CONFIDENTIAL" by Defendants.

5. Nothing herein shall impose any additional confidentiality obligation upon: (i) information that was or is in the public domain; (ii) information that already was in the possession of the receiving party in the form in which it was produced; (iii) information known to the receiving party through proper means; or (iv) information obtained by a party from a source other than the disclosing party who is or was rightfully in possession of such information on a non-confidential basis.

6. In the event any person having Confidential Information produced in this Action receives a public record request, subpoena, or other process or order to produce such information, such receiving party shall promptly notify the disclosing party and provide it with a copy of the request; and shall make reasonable efforts to provide the disclosing party with reasonable time to object to such disclosure. Nothing in this Stipulation shall be construed to require the receiving party to give written notice where prohibited by law, to relieve or prevent any party from discharging its duties under law, or to release and discharge any party from its obligations to comply with requests that are made for documents.

7. Any person receiving Confidential Information shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure. Reasonable measures include the use of best practices to maintain the security and integrity of electronic data and files.

8. All copies of the Confidential Information shall be subject to the terms of this Stipulation and labeled in the same manner as the designated material on which they are based.

9. The Parties shall not, directly or indirectly, provide or disclose Confidential Information other than to the following recipients, and may provide or disclose Confidential Information to any such recipient subject to the terms and conditions of this Stipulation, and only to the extent access to such Confidential Information by the applicable recipient is necessary for purposes of this Action:

(a) The Parties and their counsel, including personnel of their counsel and other advisors and contractors working under the direct supervision of such counsel and engaged in connection with this Action;

   (b) The Court, including Court personnel and any special master or mediator appointed by the Court or agreed to by the Parties;

   (c) Any witness subpoenaed or noticed for deposition, trial testimony, or other Court proceeding in this Action, only during that witness's testimony at a deposition, hearing, or trial in this Action, or in preparation for the same, provided that such witness has executed an individual Confidentiality Agreement in the form attached as Exhibit A;

   (d) Any vendor, contractor, expert or consultant retained by or for the Parties in connection with this Action to the extent reasonably necessary to perform such work, provided that such person has executed an Individual Confidentiality Agreement in the form attached as Exhibit A;

   (e) Any person not listed above, to the extent agreed in writing by the Parties or ordered by the Court, provided that such person has executed an Individual Confidentiality Agreement in the form attached as Exhibit A.

  10. Individual Confidentiality Agreements executed in accordance with Paragraph 9 above shall be retained by counsel for the Party who discloses Confidential Information in this way until the completion of this action, with a copy to counsel to the other Parties if requested.

  11. All Confidential Information shall be used by any Party receiving the Confidential Information solely for purposes of this Action. No Party shall otherwise use Confidential Information, including in connection with any other proceeding, except as permitted by order of the Court or agreement of the Parties.

  12. Confidential Information may be designated as such for purposes of this Stipulation as follows:

(a) With respect to documents, including any responses to interrogatories or other discovery requests, information contained therein may be designated as Confidential Information by performing all of the following: (i) stamping or otherwise clearly marking the material as "CONFIDENTIAL" in a manner that will not interfere with legibility; and (ii) providing any Confidential Information in a separate "Confidential" production, including full families of such Confidential Information, where the "full family" includes an electronic mail message together with any attachments thereto.

(b) With respect to testimony or information disclosed during a deposition, including deposition exhibits, by indicating on the record at the deposition the specific testimony or information to be so designated; or by written notice to all parties of the specific pages and lines of the deposition transcript to be designated as such; provided that such notice shall be given within thirty (30) days of the designating Party's receipt of such transcript, or within such other period as the Parties may agree. Upon receipt of such notice of designation, each Party shall immediately cause each copy of the transcript in its possession, custody or control to be marked as provided in paragraph 12(a) above, and shall limit disclosure of that transcript in accordance with this Stipulation. Whether or not such a designation is made during any deposition, each Party shall treat the entirety of any deposition as Confidential Information until thirty (30) days after such Party receives the transcript thereof, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

13. Any party who has designated a document or information as "CONFIDENTIAL" may remove such document or information from the scope of that protection by notifying all other parties in writing.

14. To the extent that any Party intends to file with the Court any document containing or disclosing the substance or content of any Confidential Information, such Party shall request leave of Court to file such document under seal or in redacted form. To the extent possible, the Parties shall seek to make any such filings in redacted form rather than under seal.

15. Nothing in this Stipulation shall prevent the Parties from using any document, information or material designated as Confidential Information at a deposition or trial; provided that any Party may request that the applicable portion of the proceeding be sealed or redacted. Any Party that intends to use or disclose Confidential Information at a hearing or conference that may be attended by persons not listed in Paragraph 9 shall provide sufficient prior written notice to all other Parties, specifying the Confidential Information to be disclosed, to allow the other Parties a meaningful opportunity to submit written opposition to such disclosure or to request other appropriate relief from the Court.

16. If any Party objects to the designation of any document, information or materials as Confidential Information, the objecting Party shall serve on the designating Party a written objection to such designation, identifying with particularity the documents, information or material in question and stating the grounds for objection. Counsel for the designating party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for such designation. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party makes a timely response to such objection as contemplated above, counsel shall meet and confer in good faith in an effort to resolve the dispute. If such dispute cannot be resolved by agreement, the objecting Party may, within a reasonable time period, seek an appropriate order from the Court regarding the treatment of such

document, information or material, and such document, information or material shall be treated as Confidential Information for purposes of this Stipulation pending resolution of the dispute.

17. No Party shall be required to object to any designation of Confidential Information at the time of such designation, and the failure to make an immediate objection shall not preclude a subsequent challenge thereto.

18. The inadvertent or unintentional failure by a Party to designate any documents, information or material as Confidential Information shall not be deemed a waiver in whole or in part of any claim of confidentiality as to such documents, information or materials.

19. Any inadvertent or unintentional disclosure of Confidential Information may be corrected by the disclosing Party promptly after such Party becomes aware of such disclosure, providing written notice to all Parties to whom the material was disclosed that the applicable documents, information or material should have been designated as Confidential Information, and (ii) promptly reproducing the material (at the disclosing Party's expense) with the appropriate designation.

20. If Confidential Information is disclosed to any person other than in the manner authorized by this Stipulation, the person or party responsible for the unauthorized disclosure must within five (5) days of discovering the disclosure bring all pertinent facts relating to such disclosure to the attention of the disclosing party and, without prejudice to any other rights and remedies of the parties or third parties, use reasonable efforts to prevent further disclosure by it or by the person who was the unauthorized recipient of such material and seek prompt return or destruction of the Confidential Information from the unauthorized recipient.

21. Insofar as the provisions of this Stipulation or any other agreement restrict the communication, disclosure, and use of Confidential Information produced in connection with this

Action, such provisions shall remain binding after the conclusion of this Action, except with respect to documents used as exhibits in any Court proceeding (except to the extent such exhibits are filed under seal). This Stipulation shall survive the termination of this Action and shall remain in full force and effect until modified, superseded, or terminated either by consent of the parties or by order of the Court. This Court shall retain jurisdiction over all persons subject to this Stipulation for so long as such persons have Confidential Information and to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. This Stipulation is intended to facilitate appropriate discovery in this Action. Neither this Stipulation, nor the designation of, or failure to designate, any document, information or material as Confidential Information shall constitute evidence with respect to any issue in this Action, or be construed as an agreement or admission with respect to the competency, relevance, materiality or admissibility of such document, information or material, or with respect to the applicability of any privilege or protection thereto.

23. Nothing in this Stipulation overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the parties hereto in any way from objecting to the admission of or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action. Nor is anything herein intended to limit a party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

24. This Stipulation shall not be construed to waive or diminish any right to assert a claim of privilege, relevance, over breadth, proportionality, or other grounds for not producing

material requested during discovery, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be granted only as provided by the discovery rules and other applicable law. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information before disclosure.

25. This Stipulation is without prejudice to the right of any Party to seek modification hereof upon a showing of good cause. This Stipulation may also be modified or amended by written agreement of the Parties.

26. The invalidity or unenforceability of any provision of this Stipulation shall not affect the validity or enforceability of any other provision of this Stipulation, which shall remain in full force and effect.

27. Within sixty (60) days after the termination of this Action, including any final appeal or the expiration of time to appeal or seek further review, any and all properly designated Confidential Information, including all copies, shall be returned to counsel for the relevant disclosing Party or destroyed, and all notes and other materials containing or referring to information derived from Confidential Information shall be destroyed, provided only that counsel to the Party receiving such Confidential Information may retain complete copies of all pleadings, correspondence, depositions, and discovery responses and pre-trial motions, as well as exhibits thereto, and work product containing such information, including any Confidential Information therein.

28. Electronic or facsimile copies of signatures on this Stipulation shall have the same force and effect as original signatures.

Dated:  August 27, 2020


  /s/ Chiansan Ma
**BRONX LEGAL SERVICES**
Chiansan Ma
Liam Lowery
369 E. 148th Street, 2nd Floor
Bronx, New York 10455
(718) 928-3713
cma@lsnyc.org
*Counsel to Plaintiff*

  /s/ Jasmine Paul
**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendants
  Jasmine Paul
  100 Church Street, Rm. 5-182
  New York, New York  10007
  Tel: 212-356-2192
  Email: jpaul@law.nyc.gov

---

To the extent a Party seeks to file confidential documents with the Court (see ¶ 14), such documents may initially be filed under seal, but an application for continued sealing must be made.  The Court will decide whether such documents remain under seal.

**SO ORDERED.**

Date:  08/28/2020
New York, New York

*Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge

---

10